THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* GIRAUD, DEFENDANT AND APPELLANT.

Appeal from the District Court of Humacao in a Prosecution for Abandonment of Minors.

No. 920.—Decided February 21, 1916.

ABANDONMENT OF MINORS—WILFUL OMISSION—LAWFUL EXCUSE.—In a criminal prosecution for the abandonment of minors, it is not sufficient to show that the defendant failed to perform his paternal duty to his minor children by not furnishing them the necessary means of support, such as food, clothing and medical attendance. It must also be proved that such omission was wilful and without lawful excuse.

CRIMINAL INTENT—WILFULLY.—According to subdivision 1 of section 559 of the Penal Code, the word "wilfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or incur in the omission.

ID.—PRESUMPTION.—According to subdivision 2 of section 12 of the Penal Code, the intent is manifested by the circumstances connected with the offense, and

a malicious and guilty intention is presumed from the manner and delibera-
tion with which an unlawful act is intended or committed for the purpose of
injuring another.

The facts are stated in the opinion.

Mr. Juan B. Huyke for the appellant.

Mr. Salvador Mestre, fiscal, for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the defendant, Manuel Giraud, from
a judgment rendered on appeal and after a new trial by the
District Court of Humacao on April 8, 1915, convicting the
appellant of abandonment of minors and sentencing him to
pay a fine of $200 and the costs or, in default of payment,
to be imprisoned ninety days in jail.

The complaint reads as follows:

"I, Eulogia Crispín, resident of Vieques, P. R., charge Manuel
Giraud with abandonment of minors, committed in the following
manner: In the town of Vieques, of the municipal judicial district
of Vieques, P. R., the said defendant, from November 4, 1914, to
January, 1915, wilfully and maliciously and without lawful excuse,
failed to provide the necessary food, clothing and shelter for his two
children born of his marriage with the accuser and named Carmen
and Juan, of two years and eight months of age, respectively."

The complaint was sworn to on February 3, 1915.

The appellant, Manuel Giraud, bases his appeal exclu-
sively upon the ground that both before and after the filing
of the complaint he has always complied with his paternal
duties; that the said complaint was made after the defend-
ant had recovered from his sickness and was performing the
said duties, the alleged abandonment having therefore ceased,
and that it is not shown that he intended to abandon his
minor children, which is an indispensable element to the said
offense of abandonment.

The evidence introduced by the prosecution consists of
the testimony of Eulogia Crispín and Agueda Camacho, the
wife and mother-in-law of the accused.

Eulogia Crispín testified that for three months her husband, Manuel Giraud, failed to provide food for her children, Carmen and Juan, of two years and ten months of age, respectively, or to furnish them with clothing and medical attendance; that she wrote to him and he did not reply; that they are not divorced but for two years have lived apart; that he lives in a ward and that she and her two children live in town with her mother; that before the filing of the complaint her husband complied with his obligations by giving her two dollars weekly and continued to do so thereafter; that the said sum was inadequate for the support of her children; that she believes her husband, who is by trade a carpenter, earns twelve dollars weekly at the Central Arkadia where he is working; that she does not know whether the defendant was sick and unable to earn any money; that she did not go to the court with the intention of prosecuting her husband but to complain of him in order to see whether the judge could not make him assist her, and that the judge then told her she would have to file a complaint against him in order to bring him before the court; that he was working in November and gave her nothing, but began to send her two dollars weekly after she filed the complaint.

Agueda Camacho testified that for three months Manuel Giraud failed to support his children born of his marriage with Eulogia Crispín, from whom he had been separated for about three years; that the witness is very poor and her daughter, Eulogia Crispín, lives with her in Vieques; that she supposes that Giraud must have earned something during the said interval as he is a foreman; that prior to the three months mentioned Giraud was working with Mozo and after the filing of the complaint he helped to support his children by sending one or two dollars according to his means.

Manuel Benítez and José Agustín Díaz Smaine were the witnesses for the defense.

Manuel Benítez testified that about the month of November Giraud, a master carpenter, injured his hand with a

hatchet and was unable to work for about seven weeks and that Mozo paid him two dollars weekly for his support during that period; that he injured his right hand, but he does not remember whether it was the thumb; that he saw the injury the first day and afterwards noticed that the finger was bandaged; that defendant earned from $1.50 to $1.75 a day; that it was a week or two before the complaint was filed that witness noticed the injury.

José Agustín Díaz Smaine testified that he lives in Yabucoa and is a farmer; that he goes to Vieques at frequent intervals to look after property which he owns there; that he knows that about the month of November the accused was suffering from an injury to his right hand, he believes, but does not know which finger it was; that he is unable to state precisely how long he was sick, but does know that it was more than four weeks because when defendant complained that he was sick witness' father ordered Manuel Benítez to give him two dollars weekly for food and medicine until such time as he might be able to work; that defendant was employed as carpenter and at first earned two dollars a day, but later received only $1.50 a day when he worked; that witness believed that Giraud did not send anything to his children during his illness because the amount allowed him was hardly sufficient to pay for his food.

In view of the evidence for the prosecution and defense which we have summarized above, we are of the opinion that there is not sufficient evidence of the offense charged against appellant Manuel Giraud and defined by section 263 of the Penal Code as follows:

"Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law, to furnish necessary food, clothing, shelter or medical attendance for such child, is guilty of misdemeanor."

There is evidence that defendant Manuel Giraud failed to perform his paternal duty to his minor children, Carmen

and Juan, inasmuch as he did not furnish the necessary means for their support for a period of about three months, but there is no proof that such failure was wilful and without lawful excuse, which is an element equally as indispensable as the first to the commission of the said offense.

According to subdivision 1 of section 559 of the Penal Code the word "wilfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to; and, according to section 12 of the same code, the intent is manifested by the circumstances connected with the offense and a malicious and guilty intention is presumed from the manner and deliberation with which an unlawful act is intended or committed for the purpose of injuring another.

No evidence has been produced which tends to show that the defendant wilfully and without lawful excuse failed to perform his paternal duties toward his children, Carmen and Juan, and the presumption that his failure to perform such duties was wilful and without lawful excuse is contrary to the testimony of the witnesses for the defense, Manuel Benítez and José Agustín Díaz Smaine, which is not contradicted by the witnesses for the prosecution, Eulogia Crispín and Agueda Camacho, who do not deny that Giraud was sick during the time he failed to support his said children, but on the contrary Eulogia Crispín testified that she did not know whether or not he was sick and unable to earn any money.

Regarding the excuse advanced by Giraud for his failure to perform his paternal duties, there is no conflict of evidence or adjustment thereof by the court below which would govern our decision, for only the witnesses for the defense testified upon that point and the witnesses for the prosecution testified nothing to the contrary.

For the foregoing reasons the judgment appealed from

should be reversed and defendant Manuel Giraud discharged without costs.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.